NANNIE J. MYATT v. W. A. MYATT.

(Filed 19 November, 1908).

1. **Deeds and Conveyances—Undue Influence—Evidence—Questions for Jury.**

Upon evidence tending to show that the grantor of a deed was not a provident or industrious man, that he was addicted to drink and was, at times, but not usually, incapable of attending properly to his business, and that usually he managed his own affairs, made contracts, executed deeds, etc., and that he was sober and clothed in his right mind at the time he executed the deed in question, the verdict of the jury that the deed in question was not obtained through undue influence will not be disturbed on appeal.

2. **Deeds and Conveyances—Undue Influence—Evidence—Fraud.**

While undue influence sufficient to set aside a deed does not necessarily include moral turpitude, or even an improper motive, yet, when the deed is the result of a dominant influence exercised over the mind of the grantor by another, so that the mind of the grantor is suppressed or supplanted and the deed expresses the will of the actor producing the result, the deed so obtained is not improperly termed fraudulent.

3. **Deeds and Conveyances—Undue Influence—Witnesses—Evidence Impeaching—Opinion of Mental Condition—Hearsay Evidence.**

In an action to set aside a deed for undue influence, a party asked his own witness to give his opinion of the mental condition of the grantor's mind during the period of several weeks just prior to the execution of the deed. He had previously stated he did not know what this condition was. The Court, in its discretion, refused to allow the witness to answer. *Held*, no error for that (a) It would, to some extent, permit the party to cross-examine his own witness; (b) The answer to the subsequent question could only have been a conclusion or inference from hearsay, or the opinion of others, taking it without the rule that such opinion, to be competent, must come from the association or personal observation of the witness himself.

4. **Evidence, Newly Discovered—Cumulative Evidence.**

A motion for a new trial upon newly discovered evidence must be overruled, when it appears that the evidence relied on is only cumulative.

ACTION tried before *Biggs, J.,* and a jury, April Term, 1908, of WAKE.

MYATT *v.* MYATT.

On the trial it was shown, among other things, that on 10 November, 1906, Alfred R. Myatt, husband of *feme* plaintiff, executed and delivered to his brother, W. A. Myatt, a deed for a certain tract of land, lying in Wake County, for the sum of one thousand dollars, which had been paid; and said deed was duly acknowledged and filed for registration on the day of its execution. That prior to that time, to-wit, on 21 August, 1906, said Alfred R. Myatt had executed a deed for the same tract of land to his wife, the *feme* plaintiff, acknowledged the day of its execution before Charles Adams, Esq., a Justice of the Peace of Wake County, and registered 20 February, 1907.

Plaintiff complained and alleged that the deed to defendant had been procured by fraud and undue influence on the part of defendant, and issues were submitted and responded to by the jury as follows:

"1. Was the deed of 10 November, 1906, from Alfred R. Myatt to the defendant W. A. Myatt, obtained through undue influence by the defendant, W. A. Myatt? Answer: 'No.'

"2. Was the deed of 10 November, 1906, from Alfred R. Myatt to the defendant W. A. Myatt, obtained through fraud by the defendant, W. A. Myatt? Answer: 'No.' "

There was judgment on the verdict for the defendant, and plaintiff excepted and appealed. Motion was further made in the court for a new trial on account of newly discovered evidence.

*B. C. Beckwith* for plaintiff.
*Walter Clark, Jr.,* and *Holding & Bunn* for defendant.

HOKE, J., after stating the case: We have given this cause and the exceptions made by appellant, all of them, full and careful consideration, and are of opinion that there has been no error committed in the trial, certainly none that could give the plaintiff any just ground of complaint; nor do we find in the record, or case on appeal, testimony that would justify a

verdict either of incapacity in grantor, or of fraud or. undue influence on the part of the grantee as to the deed in question. True, there is evidence tending to show that the grantor, Alfred R. Myatt, was not a provident or a very industrious man; that he had the drinking habit, and was at times incapable of attending properly to his business, but this last was not at all his usual condition. On the contrary, he could, and did, as a rule, manage his own affairs, made contracts, executed deeds, including that to *feme* plaintiff herself, and under which she claims, and transacted business generally, on the part of himself and his wife, right up to the transaction involved in the litigation. Further, the great weight of the testimony is to the effect, that said Alfred R. Myatt was sober and clothed in his right mind at the time he executed the deed in question; and there is very little, if any, evidence that defendant had especial influence over him, and none at all that he exercised, or endeavored to exercise, it on this occasion.

An exception especially urged for error, was to the refusal of the Court to allow the plaintiff to ask a question of one of her own witnesses, W. B. Temple, not an expert, in reference to the mental condition of Alfred R. Myatt during the period of three or four weeks just prior to the execution of the deed, as follows:

"In your opinion was Alfred R. Myatt, at that time, a fully responsible man, a sane man?

Defendant objected; sustained, and plaintiff excepted."

Another question of this witness as to same period was also disallowed.

"Q. Was his mind unbalanced?

The Court stating that he declined to allow the question in the exercise of his discretion."

There is no allegation in the complaint, as a distinct and independent ground of relief, that Alfred R. Myatt did not have mental capacity to make this deed, but if it be conceded that his mental condition during the period in question was

relevant in so far as it tended to show that he was more susceptible to undue influence at the time, this witness had just made answer to a question addressed to the same period, as follows:

"Q. What was the condition of his mind? Answer: 'I cannot say as to his mind.' "

And the Court might very well conclude that the witness having just made answer that he could not say as to his mind, the subsequent questions were to some extent an effort on the part of plaintiff to cross-examine her own witness, and in that way subject to be rightfully disallowed in the exercise of his Honor's discretion; or the question could have been held incompetent on the ground that, the witness having just stated that he could not say as to the condition of the grantor's mind during the period referred to, an answer to the subsequent questions could only have been a conclusion or inference of the witness adopted from hearsay or the opinion of others; and while it is held with us that opinion evidence, in strictness non-expert, may be received as to the condition of a person's mind, when relevant to the inquiry, such opinion must come from the association or personal observation of such a witness, and not proceed from facts and circumstances detailed to him by others. *McRae v. Malloy*, 93 N. C., 154; *Clary v. Clary*, 24 N. C., 78.

Plaintiff further insists there was error in the portion of his Honor's charge in regard to the question of undue influence, which was, in part, as follows:

"Undue influence is a fraudulent influence overruling or controlling the mind of the person operated upon, the fraudulent influence by which the will of the maker, that is, in this case, the will of Alfred R. Myatt, is perverted from its free exercise, and there is sustained injury, and the will of the influencing party substituted for it.

"Did the defendant, W. A. Myatt, possess over Alfred R. Myatt, his brother, an undue influence as defined by the

Court? And, if so, did he make a fraudulent use of it and thereby procure the deed of 10 November, 1906? Did the defendant possess and exert a fraudulent influence over Alfred R. Myatt *sufficient to destroy or pervert free agency in him,* so that the act of executing the deed was the result of the domination of the mind of the defendant, rather than the expression of the will and mind of Alfred R. Myatt?"

The objection being, that too much stress is given to the element of fraud as a part of the definition. But the charge is in substantial accord with our decisions on this subject. *In re Abee's Will,* 146 N. C., 273; *Wright v. Howe,* 52 N. C., 412; *Marshall v. Flynn,* 49 N. C., 199.

It is true, that to constitute undue influence it is not necessarily required that there should exist moral turpitude or even an improper motive; but if a person, from the best of motives, having obtained a dominant influence over the mind of a grantor, thereby induces him to execute a deed or other instrument materially affecting his rights, which he would not have made otherwise, exercising the influence obtained to such an extent that the mind and will of the grantor is effaced or supplanted in the transaction so that the instrument, while professing to be the act and deed of the grantor, in fact and truth only expresses the mind and will of the third person, the actor who procured the result, such an instrument so obtained is not improperly termed fraudulent. Accordingly, it is held in *Marshall v. Flynn, supra,* "that the influence which destroys the validity of a will is a fraudulent influence, controlling the mind of the testator so as to induce him to make a will which he would not otherwise have made."

And all of our decisions, as stated, are to like effect, and uphold the definition given by the Court in the present case.

The motion for new trial, for newly discovered testimony, must be also overruled. The evidence suggested in the affidavits is at best only cumulative, and, under our decisions,

is entirely insufficient to justify favorable consideration on the part of the Court. *Gay v. Mitchell,* 146 N. C., 509, and authorities there cited.

There is no error in the record to plaintiff's prejudice, and the judgment below is affirmed.

No error.