ELIZABETH BELLAMY, Executrix and individually, v. GEORGE W. ANDREWS et als.

(Filed 3 November, 1909.)

1. **Appeal and Error—Referee—Report Confirmed—Supreme Court— Findings.**

Upon appeal from the confirmation by the trial court of the report of a referee setting aside a deed as having been obtained by undue influence amounting to fraud, the Supreme Court has no power to make findings from the evidence, but can only determine as to whether there is sufficient legal evidence to support the findings which have been made.

2. **Deeds and Conveyances — Consideration — Fraud — Money Advanced—Equity.**

A conveyance obtained by one whose position gave him the power and influence over the grantor, without proof of actual fraud, shall not stand at all, if without consideration; and where there has been a partial or inadequate consideration it shall stand only as a security for the sum paid or advanced.

3. Appeal and Error — Referee — Report Confirmed — Fraud — Evidence.

> In this case the evidence tended to show that the defendant, a grandson of the grantor, an aged woman, induced her to make a conveyance to him of her home in consideration of his assuming her debt secured by a mortgage thereon she was in dread of being foreclosed; that defendant retained the deed but did not perform his agreement; that the defendant agreed with the plaintiff, a granddaughter of the grantor, that he would pay the interest on the debt if she would pay the taxes, which was done up to the death of the grandmother, and that plaintiff was kept in ignorance of the conveyance until after she had qualified as executrix. The grandmother remained in possession to the time of her death, but was kept in ignorance by the defendant of his failure to assume the mortgage indebtedness. In a suit by the plaintiff as executrix and heir-at-law. *Held,* evidence sufficient to set aside the deed.

APPEAL by defendants from *Lyon, J.,* April Term, 1909, of WAKE.

This is a civil action, brought by plaintiff to set aside a deed. The action had been referred to Hon. Thomas B. Womack as referee. Exceptions were filed to his report by the defendant. His Honor overruled the exceptions and confirmed the report. Defendant appealed.

The facts are stated in the opinion of the Court.

*W. A. Montgomery, J. N. Holding* and *R. N. Simms* for plaintiff.

*W. N. Jones, Armistead Jones* and *James H. Pou* for defendant.

BROWN, J. The plaintiff sues to set aside a deed made by her grandmother, Elizabeth Johnson, to the grantor's grandson, the defendant George W. Andrews, upon the ground that the execution thereof was obtained by undue influence and fraud, and to declare void a deed by said Andrews to his brother, the defendant William R. Andrews, for a portion of the land, upon the ground that said William R. Andrews took with notice.

Elizabeth Johnson, on 24 January, 1903, devised said property to plaintiff by will, duly probated 6 October, 1905. After the death of said Elizabeth Johnson, which occurred on 26 September, 1905, the plaintiff ascertained for the first time that the defendant George W. Andrews was claiming said land under a deed from said Elizabeth Johnson, bearing date 11 April, 1898.

Among the findings made by the referee are the following:

"24. That the deed executed on 11 April, 1898, by Elizabeth Johnson to George W. Andrews was obtained by undue influ-

ence, which amounted to fraud, though without moral turpitude."

"27. That the defendant W. R. Andrews purchased with full knowledge."

Upon said findings, and others, the referee held as one of his conclusions of law that "the plaintiff is entitled to a rescission and cancellation of the deed of 11 April, 1898, upon paying to George W. Andrews all sums advanced by him and by William R. Andrews for him, with interest from the respective dates of payment."

It was admitted upon the argument by appellant that the only question before this Court is the sufficiency of the evidence to support this finding of the referee.

We have examined all the evidence set out in the record, and also the very clear, concise and complete report of the referee, and are led to the conclusion that his Honor committed no error in sustaining his judgment. We have no power to make findings ourselves from ·the evidence. We can only determine whether there is sufficient legal evidence to support those made below. Whether the evidence discloses evidence sufficient to support a charge of moral turpitude, or fraud, in its every-day significance, it is unnecessary to decide. It is not essential that it should. The evidence does disclose a state of facts which amounts to legal fraud, and warrants a court of equity in avoiding the deed and charging the property with the money paid out by the defendants, as was done by the referee and confirmed by the judge.

It is an established doctrine, founded on a great principle of public policy, that a conveyance obtained by one whose position gave him power and influence over the grantor, without proof of actual fraud, shall not stand at all, if without consideration, and that where there has been a partial or inadequate consideration it shall stand only as a security for the sum paid or advanced.

These authorities, we think, support this statement of the law. *Huguenin v. Basely,* 14 Ves. Jr., 273, where *Lord Eldon* set aside a voluntary settlement obtained by a clergyman from a widow. *Harvey v. Mount,* 8 Beavan, 437; *Buffalow v. Buffalow,* 22 N. C., 241; *Mullans v. McCandless,* 57 N. C., 425; *Futrill v. Futrill,* 58 N. C., 64; *same case,* 59 N. C., 337; *Franklin v. Ridenhour,* 58 N. C., 421.

The evidence discloses that Elizabeth Johnson was a very aged woman at the time she executed the deed, and for some time before was exceedingly feeble and helpless, dependent almost entirely upon the plaintiff and plaintiff's mother for her sup-

port.   The only property she owned was the house and lot in controversy, where she resided, and craved most earnestly to remain there until she died.   There was a mortgage upon this property for $3,625, bearing eight per cent. interest, held by one Moore, upon which the interest was in some part unpaid.   This mortgage was a source of extreme anxiety to Mrs. Johnson, who feared it would be foreclosed.   George W. Andrews induced his grandmother to make and execute a will, devising to him the property absolutely.   The inducement to make the will was the promise of said Andrews to assume and discharge the mortgage indebtedness above mentioned.   Andrews took the will in his possession and kept the plaintiff in entire ignorance of it.   He then induced plaintiff to agree to pay all the taxes on the property, upon the understanding that said Andrews would pay the interest on the mortgage.   In pursuance of this agreement, said Andrews did pay the interest annually on the mortgage debt, and plaintiff paid out of her earnings as a school-teacher the annual taxes upon the property, amounting to over nine hundred dollars.   Subsequently, George Andrews informed his grandmother that she must make him a deed for the property or he would not comply with his prior agreement to assume the mortgage debt. This deed was drawn by Andrews' attorney and is the deed sought to be set aside.   It recites that George Andrews agrees "to assume the payment of said encumbrance or indebtedness" as a condition upon which the deed was executed.

The evidence shows that George W. Andrews did not assume the mortgage debt, but on the same day the deed was executed he caused to be prepared a note and mortgage to the Dime Savings Bank to obtain money with which to pay the Moore mortgage. This new mortgage was given to secure a note for $3,800, all of which money George W. Andrews received and used it in paying the Moore mortgage.   This new note and mortgage was executed by Elizabeth Johnson and was her obligation.   Said Andrews signed them with her, but erased his name, without her knowledge, before delivery to the bank, thus releasing himself from all liability.

At this time Elizabeth Johnson was eighty years of age, very infirm physically and very greatly worried over the prospect of losing her house.   Under such circumstances it was quite an easy matter for her grandson, in whom she reposed confidence, to persuade her to make this deed by agreeing to assume the mortgage debt.   The fact that he did not pay it or even assume it, but, without his grandmother's knowledge, erased his name from the note, is some evidence of a fraudulent purpose on his part.   As an inducement to make the deed, he had promised

positively to assume the mortgage debt, and the first thing he does after he gets the deed is to evade all liability himself and leave his grandmother solely liable to the bank and exposed to foreclosure at any time after maturity of the debt.

Then, again, he studiously concealed from the plaintiff the execution of the deed and that he was endeavoring to get title to property upon which she was paying the annual taxes, in good faith, in pursuance of their previous agreement, in order to save their grandmother a home. Not only was plaintiff paying the taxes, but she was assisting continually in the support of Mrs. Johnson.

In reviewing the evidence, the manifest thriftiness of George W. Andrews in dealing with his aged and helpless grandparent is in striking contrast with the noble and unselfish generosity and devotion of Elizabeth Bellamy.

This defendant incurred no legal obligation whatever for his grandmother and has paid nothing for this property except what interest he has paid on the mortgage debt, and this sum, under the decree, will be returned to him.

The evidence justifies the finding that the value of the property at the date of the transaction was $7,000, and the sum paid out is therefore manifestly inadequate, under the circumstances and upon the conditions under which the deed was made.

We are of opinion that there is evidence to support the several findings of fact of the referee, and, applying the principle of law to the facts as found, the court below committed no error in setting aside the deed and charging the money paid out upon the property.

The judgment of the Superior Court is

Affirmed.