R. R. BRYANT, ADMINISTRATOR OF SHELBY JEAN BRYANT, v. LITTLE RIVER ICE COMPANY OF ZEBULON, INC., AND MILTON MAY BRYANT.

(Filed 28 February, 1951.)

**1. Pleadings § 19c—**

Upon demurrer, the complaint will be liberally construed with a view to substantial justice, G.S. 1-151, and the demurrer will be overruled if in any portion of the complaint facts are alleged sufficient to constitute a cause of action or if facts sufficient for that purpose can be reasonably and fairly gathered from it.

**2. Automobiles § 18a—Complaint held not to establish insulated negligence as a matter of law.**

Allegations to the effect that plaintiff was a pupil in a school bus and was injured in a collision between the bus and a truck belonging to the corporate.defendant and operated by the individual defendant in the course of his employment, and that as the truck driver approached a bridge at a place known to him to be hazardous, he failed and neglected to keep his truck under control and failed to drive the truck to his right so as to leave one-half the width of the bridge for the passage of the school bus, proximately resulting in the collision in suit, *is held* sufficient to state a cause of action and overrule defendants' demurrer notwithstanding other allegations at variance therewith or less favorable to plaintiffs, the facts alleged being insufficient to support the doctrine of insulated negligence as a matter of law.

APPEAL by defendants from *Burgwyn, Special Judge,* September Term, 1950, of NASH.

*L. L. Davenport, Yarborough & Yarborough, Bunn & Arendell, and Thomas D. Bunn for plaintiff.*

*Battle, Winslow, Merrell & Taylor for defendants.*

DENNY, J. The plaintiff, R. R. Bryant, administrator of Shelby Jean Bryant, instituted this action to recover damages for the wrongful death of his intestate. And this appeal by the defendants is from a judgment overruling their demurrer interposed upon the ground that plaintiff's complaint does not state facts sufficient to constitute a cause of action.

The complaint, among other things, alleges that on 6 October, 1949, about 7:45 a.m., plaintiff's intestate, Shelby Jean Bryant, 14 years of age, met her death by reason of a collision between a school bus, owned and operated by the Nash County Board of Education, and a truck, owned by the corporate defendant, Little River Ice Company of Zebulon, Inc., and operated by the individual defendant, Milton May Bryant, as an agent of the corporate defendant; that said agent was acting within the scope of his employment at the time of said collision; that plaintiff's

intestate was a student at Ferrell's School in Nash County, and as such student was furnished daily transportation from her home to said school and return each school day on the regular school bus, owned and operated as alleged; that at the time of the aforesaid collision plaintiff's intestate was a student passenger on said bus en route to Ferrell's School, and that said school bus at the time of her fatal injury was being operated in a careful and lawful manner.

The complaint, after also alleging that the collision occurred on a wooden bridge over Turkey Creek on the old "Abby Murray Road," and that the bridge was forty-seven feet and two inches long and seventeen feet and three inches wide and was located at the break of a very sharp curve, and that "on account of the undergrowth, bushes, grass, and other natural obstacles that had been allowed to grow up on the shoulders beside the road and hang over into the road and onto the bridge from both directions approaching the said bridge, the view . . . of the drivers was short, obscure and obstructed," further alleges that the defendants were negligent, *inter alia:*

"(f) That said Milton May Bryant knew of the dangerous and hazardous condition existing at the said bridge and at the time and place where the said collision occurred, and that he wrongfully and negligently failed to keep the said Chevrolet truck under proper control at all times, and failed and neglected to give at least half of the said road and/or bridge to the vehicle which he was meeting, the said school bus, as it was his duty to do, and that he failed and neglected to observe the hazardous conditions then existing and to operate the said ice truck in a careful and cautious manner at the time and place where a special hazard existed, and which was known to him, as it was his duty to do.

"(g) That the said Milton May Bryant carelessly, recklessly and negligently drove said ice truck upon the bridge over Turkey Creek at the time and place of said collision, at an angle and not close up to the right rail of said bridge, well knowing that he was not leaving sufficient room upon said bridge for another motor vehicle to pass, and especially a vehicle of the length and breadth of the school bus.

"10-B. That the driver of the (corporate) defendant's truck . . . after having . . . entered upon the said bridge after he knew, or by the exercise of reasonable care could have known, that the school bus was at or about the same time entering upon said bridge, should have driven his truck close up to the rail of said bridge, to his right-hand side thereof and should have left and/or given to oncoming traffic, especially the said school bus, sufficient room to pass. . . . However, . . . he carelessly, negligently, and recklessly operated said truck along the center of said road and bridge and thereby took up and occupied more than one-half of the same when it was not necessary for him so to do, and at the time of

said collision between the school bus and the said truck he was taking up and occupying more than one-half of the said road and bridge and was operating said truck at an angle so that the front part of said truck extended over and across the middle of the said road and bridge, making it impossible for said school bus to pass without damage to the bus . . ., and as a direct result of said carelessness, negligence and recklessness on the part of Milton May Bryant, said collision and wreck occurred and the plaintiff's intestate thereby lost her life."

A demurrer to a complaint on the ground that it does not state facts sufficient to constitute a cause of action should be overruled if the complaint, when liberally construed in favor of the pleader, alleges facts sufficient to constitute a cause of action. Or, to put it another way, if any portion of a complaint alleges facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be reasonably and fairly gathered from it, the pleading will survive a demurrer. *Mills Co. v. Shaw, Comr. of Revenue,* 233 N.C. 71, 62 S.E. 2d 487; *King v. Motley,* 233 N.C. 42, 62 S.E. 2d 540; *Presnell v. Beshears,* 227 N.C. 279, 41 S.E. 2d 835; *Ferrell v. Worthington,* 226 N.C. 609, 39 S.E. 2d 812; *Sparrow v. Morrell & Co.,* 215 N.C. 452, 2 S.E. 2d 365; *Smith v. Sink,* 210 N.C. 815, 188 S.E. 631; *Fairbanks, Morse & Co. v. Murdock Co.,* 207 N.C. 348, 177 S.E. 122; *Cole v. Wagner,* 197 N.C. 692, 150 S.E. 339; *Meyer v. Fenner,* 196 N.C. 476, 146 S.E. 82; *Hoke v. Glenn,* 167 N.C. 594, 83 S.E. 807.

It is the purpose of our code system of pleadings to have actions tried upon their merits and to this end, pleadings must be liberally construed with a view to substantial justice between the parties. G.S. 1-151. And unless a pleading is fatally defective a demurrer thereto will be overruled, "however inartificially it may have been drawn or however uncertain, defective and redundant may be its statements for, contrary to the common-law rule, every reasonable intendment and presumption must be made in favor of the pleader." *Dixon v. Green,* 178 N.C. 205, 100 S.E. 262. *McCampbell v. Building & Loan Asso.,* 231 N.C. 647, 58 S.E. 2d 617; *Kemp v. Funderburk,* 224 N.C. 353, 30 S.E. 2d 155; *Mallard v. Housing Authority,* 221 N.C. 334, 20 S.E. 2d 281; *Anthony v. Knight,* 211 N.C. 637, 191 S.E. 323; *Ballinger v. Thomas,* 195 N.C. 517, 142 S.E. 761; *Blackmore v. Winders,* 144 N.C. 212, 56 S.E. 874.

Applying the above principles to plaintiff's pleadings, we hold the demurrer was properly overruled.

The plaintiff's complaint contains certain additional allegations which are somewhat difficult to reconcile with those set out herein, and which are less favorable to the plaintiff. Even so, they are not fatal to the plaintiff's cause of action on the demurrer interposed herein. *Lee v. Produce Co.,* 197 N.C. 714, 150 S.E. 363. Nor do we think the facts

alleged are such as to render applicable, as a matter of law, the doctrine of insulated negligence, as contended by the defendants, as set forth and applied in *Hinnant v. R. R.,* 202 N.C. 489, 163 S.E. 555.

The ruling of the court below will be upheld.

Affirmed.