WILLIAM J. BATCHELOR AND ETHEL BATCHELOR v. M. B. MITCHELL AND WIFE, EMMA H. MITCHELL; R. I. MITCHELL AND SONS, INC., W. J. MANNING.

(Filed 14 October, 1953.)

**1. Pleadings § 19c—**

A demurrer on the ground that the complaint fails to state a cause of action admits, for the purpose of the demurrer, the truth of every material fact properly alleged in the complaint.

**2. Same—**

A complaint must be fatally defective before it will be overthrown by demurrer, and if the complaint is good in any respect or to any extent, the demurrer should be overruled.

**3. Trusts § 4c—Allegations held sufficient to establish cause of action to impress deed with trust ex maleficio.**

Allegations to the effect that plaintiffs inherited a farm, subject to a deed of trust, from their father, that their mother qualified as administratrix and that she, at the instance of her mother and stepfather, who came to live on the premises, permitted default and foreclosure, although there were sufficient funds then on hand to pay the installment due, and thereafter repurchased the land from the *cestui que trust,* and transferred a part of the land to plaintiffs' grandmother, all pursuant to a design to deprive plaintiffs of their property, *is held* sufficient to state a cause of action to establish a trust *ex maleficio,* binding upon plaintiffs' grandmother who took with knowledge.

**4. Cancellation and Rescission of Instruments §§ 2, 9—Allegations held sufficient to establish cause to rescind deed for presumptive fraud.**

Allegations to the effect that after the death of plaintiffs' widowed mother during plaintiffs' minority, plaintiffs' grandmother and stepgrandfather continued to live on their farm, managing and controlling it until the youngest plaintiff attained her majority, and that upon the majority of each plaintiff the grandmother and stepgrandfather induced them to execute a deed for a portion of the land to the grandmother by the exercise of parental control and physical and mental domination and by representing that the deeds would not deprive plaintiffs of any rights, *is held* sufficient to state a cause of action to set aside the deeds on the ground of presump-

BATCHELOR v. MITCHELL.

tive fraud and for an accounting against the grandfather and against the purchaser of timber rights with knowledge of the fraud.

**5. Limitation of Actions § 15—**

Except in those instances in which the limitation is annexed to the cause of action itself, the defense of the bar of a statute of limitations cannot be raised by demurrer.

**6. Pleadings § 17a—**

A demurrer on the ground that the complaint fails to state a cause of action does not present for decision whether the complaint is objectionable for prolixity or misjoinder of parties and causes.

BARNHILL, J., concurring in part and dissenting in part.

APPEAL by plaintiffs from *Parker, J.,* at February Civil Term, 1953, of NASH.

Civil action involving title to land, heard below on demurrer to the complaint.

The plaintiffs, William J. Batchelor and Ethel Batchelor, are the children and only heirs at law of M. J. Batchelor, who died intestate in 1931, leaving them a 348.75-acre farm in Nash County, valued on the tax books at $12,500. The plaintiffs were nine and eight years of age, respectively, when their father died. They bring this action to recover a 128.4-acre portion of the farm which passed from them first under foreclosure and then by *mesne* conveyances to the present claimants, who are joined as defendants.

From judgment sustaining the demurrer, the plaintiffs appealed.

*L. L. Davenport and O. B. Moss for plaintiffs, appellants.*
*Hobart Brantley and Cooley & May for defendants, appellees.*

JOHNSON, J. The single ground of the demurrer is that the complaint fails to set forth facts sufficient to constitute a cause of action. By so demurring to the complaint, the defendants, for the purpose of determining the demurrer, admit as true every material fact properly alleged in the complaint. *Gaines v. Mfg. Co.,* 234 N.C. 331, 67 S.E. 2d 355; *Bryant v. Ice Co.,* 233 N.C. 266, 63 S.E. 2d 547. The rule is that if the complaint is good in any respect, or to any extent, it may not be overthrown by demurrer for failure to state a cause of action. *Pharr v. Pharr,* 223 N.C. 115, 25 S.E. 2d 471; *Byers v. Byers,* 223 N.C. 85, bot. p. 92, 25 S.E. 2d 466. See also *Perry v. Doub, ante,* 233. The complaint must be fatally defective before it will be rejected as insufficient. *Hoke v. Glenn,* 167 N.C. 594, 83 S.E. 807; *S. v. Trust Co.,* 192 N.C. 246, 134 S.E. 656; G.S. 1-151.

The court below was of the opinion that the complaint is fatally defective and sustained the demurrer. In this we think the court erred. In announcing decision we deem it unnecessary to cumber the opinion with the entire complaint or even with a digest thereof. It comprises 39 paragraphs and covers approximately 20 pages of the printed record. It will suffice to summarize such of the essential ultimate facts as go to make up at least one cause of action against the defendants. Such summarization follows:

When the plaintiffs' father died in 1931, the 348.75-acre farm was subject to a deed of trust made by the father the year before, securing a loan of $2,400 made by Prudential Insurance Company of America. This loan was due and payable in $24 annual installments of principal, with added accumulations of interest at the rate of 5½%, on 1 December each year until 1 December, 1939, when the entire balance was to become due. Martha Batchelor, widow of M. J. Batchelor and mother of the plaintiffs, qualified as administratrix of the estate. She was the daughter of Mary S. Manning, who was the wife of the defendant W. J. Manning. Therefore, Mary S. Manning was the plaintiffs' grandmother, and W. J. Manning their step-grandfather. Soon after the death of plaintiffs' father, both Mannings moved into the home of Martha Batchelor and the plaintiffs, and Martha Batchelor turned over the responsibility of the farming operations to W. J. Manning, who also assisted her in the performance of her duties as administratrix. Martha Batchelor, being without previous business experience and easily influenced, became subservient and obedient to the will of W. J. Manning and that of Mary S. Manning and thenceforth was dominated and controlled by them in the conduct of her business affairs. Instead of managing the farm and advising Martha Batchelor in line with her best interest and that of the plaintiffs and the estate of their deceased father, the Mannings conceived and carried through a wrongful plan to procure title to a part of the plaintiffs' farm, and in furtherance of this plan they, knowing full well that the income from the farm would readily support Martha Batchelor and her two children and pay off the Prudential debt as it matured in small yearly installments, nevertheless fraudulently represented to her that the farm could not be managed so as to pay off the lien debt and support the family unless title to the property be transferred to her. And by means of such representations, relied upon by Martha Batchelor, she was induced to withhold payment of an installment of interest and principal due on the Prudential indebtedness for the purpose of precipitating foreclosure of the deed of trust and transfer of title to her, the ultimate objective of the Mannings being to acquire from her title to a portion of the farm without consideration. Default followed in the payment of the installment due on the Prudential debt. The deed of trust was foreclosed by the trustee.

12—238

This was in 1933. Prudential bought in the land. Following the trustee's conveyance to Prudential, Martha Batchelor paid Prudential $500, and it immediately reconveyed the land to her, taking a purchase money note and deed of trust for the balance of $2,199.41 due on the purchase price, payable in yearly installments running through 1 January, 1940. Martha Batchelor as administratrix had on hand sufficient funds of the estate of her deceased husband to have paid the installment due on the Prudential indebtedness, and it was her duty to have paid the installment and prevented foreclosure. When the farm was reconveyed by Prudential to Martha Batchelor, she paid thereon, as part of the purchase price, from funds on hand belonging to the estate, a sum in excess of the installment of principal and interest due at the time of the foreclosure, the nonpayment of which precipitated the foreclosure.

On the basis of the foregoing line of allegations, the plaintiffs aver that the deed from Prudential to their mother is impressed with a trust *ex maleficio* in their favor.

In 1937 Martha Batchelor conveyed to her mother, Mary S. Manning, 128.4 acres of the farm. As to this, it is alleged that the deed conveyed no beneficial title. This for the reason that Mary S. Manning took without consideration, with full knowledge of the trust in favor of the plaintiffs and, further, because her conduct was one of the active, procuring causes of the trust relation. Moreover, it is further alleged in substance that this deed, being a deed of gift not registered within two years from the making thereof as required by G.S. 47-26, was and is ineffectual to convey beneficial title to Mary S. Manning.

Martha Batchelor died intestate in February, 1940, survived by the plaintiffs as her only heirs at law. The Mannings remained on in the Batchelor home. W. J. Manning continued in charge of the plaintiffs' farm and farming operations, with both Mannings exercising complete domination and control over the plaintiffs until after Ethel Batchelor, the younger of the two, attained her majority in 1944. Meanwhile, when the plaintiff William J. Batchelor attained his majority in 1943, he executed a deed to Mary S. Manning embracing the 128.4 acres of land previously conveyed to her by Martha Batchelor. And when Ethel Batchelor came of age in 1944, she executed a similar deed to Mary S. Manning. As to these deeds, it is alleged in substance that the plaintiffs were carried by the Mannings in their automobile to Nashville and thence to an unfamiliar office where they were requested to sign the deeds. First the Mannings represented to the plaintiffs that the deeds would not deprive them "of any rights." And when each plaintiff hesitated to sign, both the Mannings "exercised their parental control and physical and mental domination" over them and "spoke in such threatening and dominating terms that they forced their will" upon the plaintiffs and thereby

wrongfully and fraudulently secured their signatures to the deeds. On the basis of this line of allegations, sufficient in factual detail to show undue influence practiced on the plaintiffs by the Mannings within the principles of presumptive fraud as explained in *Lee v. Pearce,* 68 N.C. 76, and *McNeill v. McNeill,* 223 N.C. 178, 25 S.E. 2d 615, the plaintiffs aver that the deeds made by them to Mary S. Manning were and are ineffectual to convey beneficial title to the land.

Mary S. Manning died in September, 1950, leaving a will, duly probated in common form before the Clerk of the Superior Court of Nash County, by which she devised the 128.4 acres of land to her surviving husband, W. J. Manning. The plaintiffs aver that no beneficial title passed under the will of Mary S. Manning to W. J. Manning. This, in substance, because he stands in the position of a volunteer, and also because he had full knowledge of the facts in respect to the trust relation between Martha Batchelor and the plaintiffs, he having counseled and directed the conduct of Martha Batchelor out of which the trust relation arose; and, further, that he participated in the alleged undue influence practiced in the procurement of the deeds made by the plaintiffs to Mary S. Manning, as well as the previous deed made by Martha Batchelor to Mary S. Manning. The plaintiffs further aver that they are entitled to recover $50,000 by way of accounting as against the defendant W. J. Manning for proceeds derived from the rents and profits from the land during the period of his control and management thereof.

By deed dated 23 December, 1950, W. J. Manning conveyed the 128.4-acre tract of land to the defendant M. B. Mitchell; and Mitchell and wife under date of 14 August, 1951, executed a timber deed to R. I. Mitchell & Sons, Inc. As to these transactions, it is alleged in substance (1) that the defendants M. B. Mitchell and R. I. Mitchell & Sons, Inc., purchased the land and timber with knowledge of the trust relation between Martha Batchelor and the plaintiffs which prevented Mary S. Manning from acquiring beneficial title under her conveyance from Martha Batchelor, (2) that M. B. Mitchell and R. I. Mitchell & Sons, Inc., had knowledge of the facts in respect to the duress, undue influence, and fraud practiced in the procurement of the deeds made by the plaintiffs to Mary S. Manning, and (3) by reason of such knowledge on the part of these defendants, the deeds made to them were and are ineffectual to convey title to the land and timber therein described. The plaintiffs further allege they are entitled to recover $30,000 against R. I. Mitchell & Sons, Inc., by way of accounting for timber recently cut from the 128.4-acre portion of the land.

Our analysis of the complaint leaves the impression that the allegations are sufficient to constitute a cause of action against the defendants. *Pearson v. Pearson,* 227 N.C. 31, 40 S.E. 2d 477; *Moore v. Jones,* 226

N.C. 149, 36 S.E. 2d 920; *Randle v. Grady,* 224 N.C. 651, 32 S.E. 2d 20; *Creech v. Wilder,* 212 N.C. 162, 193 S.E. 281; *Miller v. Miller,* 200 N.C. 458, 157 S.E. 604; *Tire Co. v. Lester,* 190 N.C. 411, 130 S.E. 45. See also *Myatt v. Myatt,* 149 N.C. 137, 62 S.E. 887; *Bellamy v. Andrews,* 151 N.C. 256, 65 S.E. 963; *Brown v. Brown,* 171 N.C. 649, 88 S.E. 870; *McNeill v. McNeill, supra* (223 N.C. 178, 25 S.E. 2d 615).

The defendants' contention that the plaintiffs cannot escape the bar of one or more of our statutes of limitation is unavailing on this record. The rule is that unless statutes of limitation are annexed to the cause of action itself, the bar of limitation must be specifically pleaded in order to be available as a defense and may not be raised by demurrer. *Motor Co. v. Credit Co.,* 219 N.C. 199, 13 S.E. 2d 230. See also *Ins. Co. v. Motor Lines,* 225 N.C. 588, 35 S.E. 2d 879.

Nor are we concerned on this record with the questions whether the complaint is objectionable for prolixity or violative of the statutes and rules respecting the joinder of parties and causes of action.

The judgment below is

Reversed.

BARNHILL, J., concurring in part and dissenting in part: I concur in the conclusion that the complaint states a cause of action sufficient to repel the demurrer. I am of the opinion, however, that the allegations contained in the complaint in respect to the circumstances under which the deeds from W. J. Batchelor to Mary S. Manning and from Ethel Batchelor to Mary S. Manning were executed are insufficient to constitute allegations of duress, undue influence, or fraud.

The facts which constitute the duress, undue influence, or fraud relied on must be alleged. McIntosh, P. & P., 359; *Development Co. v. Bearden,* 227 N.C. 124; *Weaver v. Hampton,* 201 N.C. 798; *Hoggard v. Brown,* 192 N.C. 494; *Nash v. Hospital Co.,* 180 N.C. 59; *Hunsucker v. Winborne,* 223 N.C. 650, and cases cited. This the plaintiffs have failed to do. As to these instruments, the complaint alleges nothing more than generalities which are mere conclusions. Therefore, to so much of the opinion as relates to those two instruments, I dissent.