F. A. McDANIEL, JR. v. REVEREND AUBREY T. QUAKENBUSH AND FRED WEAVER et al, Trustees, and YATES HARBISON, et al, Deacon Board of the First Baptist Church of Kings Mountain, North Carolina.

(Filed 8 October, 1958)

**1. Pleadings § 19c—**

If any portion of a complaint alleges facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be reasonably and fairly gathered from it, the pleading is good as against demurrer.

**2. Pleadings § 15—**

A demurrer admits the truth of all allegations of fact contained in the complaint and all inferences of fact which may be reasonably drawn therefrom.

**3. Injunctions § 13—Where serious controversy exists temporary order to preserve the status quo will ordinarily be continued to the hearing on the merits.**

Upon the hearing of an order to show cause why a temporary restraining order should not be continued to the final hearing, the merits

of the action are not involved, and where the complaint alleges that defendants are threatening to sell realty of the church in question and divert its building fund pursuant to an election of the congregation improperly called, the result of which was brought about by undue influence, coercive, or fraudulent means, the temporary order restraining defendants from transferring the real estate or expending any portion of the church's building fund is properly continued until the final hearing, although such restraining order would not preclude the church from thereafter holding an election bearing on the question or from approving or disapproving the action taken at the election.

**4. Religious Societies § 2—**

Where a church has no written constitution or bylaws, the manner of calling meetings for the purpose of ascertaining the will of the members of the church should be governed by the established customs and practices of the church, and a majority of its membership, ordinarily, controls the right to the use and title to the property.

PARKER, J., not sitting.

APPEAL by defendants from *Moore (Dan K.), J.,* March 29 Civil Term 1958 of CLEVELAND.

This is a civil action instituted by the plaintiff on behalf of himself and other members of the First Baptist Church of Kings Mountain, North Carolina, to restrain the defendants from proceeding further pursuant to the result of an alleged illegal election held in said church on 23 October 1957; and from unlawfully diverting and using the building fund of said church, in the sum of $88,000, for a purpose other than that for which it was specifically donated by the plaintiff and other members of the church; and further from disposing of any church property until a final disposition of the cause.

Among other things, it is alleged (1) that during the month of October 1956, the church upon recommendation of the Board of Deacons held an election to determine whether or not the church would purchase 2.6 acres of land near the city limits of the City of Kings Mountain, on U. S. Highway 74, for the sum of $12,000 for the purpose of relocating the church on said 2.6 acres of land; that the purchase of said land was rejected by a unanimous vote of the congregation. (2) That, thereafter, ten members of the church obtained an option and later purchased the 2.6 acres of land and offered it as a gift to the church, provided the church would dispose of its present property and build on the new site. (3) "That during the latter part of the year 1957 the ten members aforementioned, who acquired an option on said property, together with the pastor of the First Baptist Church, illegally and improperly called for a new election to be held on October 23, 1957, to determine whether or not the congregation of the First Baptist Church should accept the gift of 2.6 acres and relocate

the church thereon. This election was not called by the Board of Deacons or the congregation or any other governing body of said church and, therefore, was contrary to past precedents in regard to calling an election within the First Baptist Church of Kings Mountain * * *." (4) That the Reverend Aubrey T. Quakenbush, pastor of the church, during the months of September and October 1957, acting with the authority of an "illegally elected Board of Deacons and using church funds and church bulletins, began an extensive and malicious campaign through the use of bulletins, to exert undue and fraudulent influence on the members of the congregation of the First Baptist Church of Kings Mountain, to coerce the said members to vote for relocating the said church." (5) "That on October 23, 1957 an election was held and 235 members voted to accept the gift of 2.6 acres, more or less, and relocate the church on that lot, and 163 members voted not to accept the gift and relocate the said church." (6) "That since said election, 216 members of the First Baptist Church of Kings Mountain, together with this plaintiff, have indicated their desire to keep the church on its present location and to carry through with the plans previously made of constructing a new church on the present location." (7) "That since said election, the First Baptist Church of Kings Mountain, through its governing bodies, has begun to make immediate plans toward relocating the old church and disposing of the assets belonging to said church." (8) "That if the defendants are allowed to proceed under the illegal election of October 23, 1957; to alter or destroy the present church building; or use the special building fund collected as set forth herein as they now propose to use same, the plaintiff and all other members of the church will be caused irreparable damage."

A temporary order restraining the defendants "from disposing and transferring, in any manner, any of the real estate belonging to the First Baptist Church of Kings Mountain, North Carolina and * * * from disposing of and transferring, in any manner, the building fund of the First Baptist Church of Kings Mountain, North Carolina," was entered on 18 January 1958. The court set a date for the defendants to appear and show cause, if any, why the restraining order should not be continued to the hearing. In the meantime, the defendants filed a demurrer to the complaint on the ground that the complaint does not state a cause of action.

When this matter came on for hearing on the show cause order, the demurrer was overruled and the restraining order was continued until the final hearing. The defendants appeal, assigning error.

*Davis & White, Kennedy, Mahoney & Mull, Horn & West for plaintiff appellees.*

*Mullen, Holland & Cooke for defendant appellants.*

Denny, J. The appellants assign as error the overruling of their demurrer and the continuance of the restraining order until the final hearing.

A demurrer to a complaint on the ground that it does not state facts sufficient to constitute a cause of action should be overruled if the complaint, when liberally construed in favor of the pleader, alleges facts sufficient to constitute a cause of action. Or, to put it another way, if any portion of a complaint alleges facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be reasonably and fairly gathered from it, the pleading will survive a demurrer. *Bryant v. Ice Co.,* 233 N.C. 266, 63 S.E. 2d 547, and cited cases. See also *Bailey v. Bailey,* 243 N.C. 412, 90 S.E. 2d 696; *Workman v. Workman,* 242 N.C. 726, 89 S.E. 2d 390; *Batchelor v. Mitchell,* 238 N.C. 351, 78 S.E. 2d 240.

A demurrer admits the truth of all allegations of fact contained in the complaint and inferences of fact reasonably drawn therefrom. *Mills Co. v. Shaw, Com'r. of Revenue,* 233 N.C. 71, 62 S.E. 2d 487; *Read v. Roofing Co.,* 234 N.C. 273, 66 S.E. 2d 821; *Stribbling v. Lamm,* 239 N.C. 529, 80 S.E. 2d 270; *Belch v. Perry,* 240 N.C. 764, 84 S.E. 2d 186.

We are not dealing with the merits of this controversy but only with the allegations of the complaint. *Furniture Co. v. R.R.,* 195 N.C. 636, 143 S.E. 242. However, whether the meeting on 23 October 1957 was properly or improperly called, if the plaintiff can show upon the final hearing that the result of the election complained of was brought about by undue influence, coercive, or fraudulent means, as alleged, the election should be set aside.

The restraining order as we interpret it, restrains the defendants from selling and transferring any of the real estate belonging to the First Baptist Church of Kings Mountain, North Carolina, and also forbids them from disposing, transferring, or expending any portion of the building fund of the church in connection with the relocation of the church, until the final hearing on this cause, unless otherwise ordered by the court.

We do not interpret the order complained of to restrain the church, in any manner, from holding an election bearing on the question of the removal of the church, or any other question that may properly come before it, save and except in the respects enumerated hereinabove. The church is free to approve or to rescind the action taken on 23 October 1957, if it desires to do so.

Since it appears from the record that this Church has no written constitution or bylaws, the manner of calling meetings for the pur-

pose of ascertaining the will of the members of the church should be governed by the customs and practices of the church as they have been observed and practiced through the years relating to such matters. A majority of such membership, ordinarily, controls the right to the use and title to church property. *Reid v. Johnston*, 241 N.C. 201, 85 S.E. 2d 114; *Dix v. Pruitt*, 194 N.C. 64, 138 S.E. 412. There is no doctrinal departure involved in this action as in *Reid v. Johnston, supra*.

The rulings of the court below, overruling the demurrer and continuing the restraining order until the final hearing, will be upheld.

Affirmed.

PARKER, J., not sitting.