R. J. CLINARD v. ROY LAMBETH AND MRS. ROY LAMBETH; JOE LAMBETH AND MRS. JOE LAMBETH; B. C. LAMBETH AND MRS. B. C. LAMBETH.

(Filed 7 November, 1951.)

**1. Pleadings § 15—**

A demurrer admits for its purpose the truth of the allegations of fact contained in the pleading and relevant inferences of fact necessarily deducible therefrom, but not conclusions or inferences of law.

**2. Same—**

Upon demurrer a pleading will be liberally construed with a view to substantial justice, giving it every intendment in favor of the pleader, and the demurrer will not be sustained unless the pleading is fatally defective. G.S. 1-151.

**3. Highways §§ 3b, 11—**

A complaint alleging that upon relocation by the State Highway and Public Works Commission of an old county road which had been maintained by the Commission, a segment of the old road was abandoned, and that defendants closed both ends of the segment of the old road running through their lands so as to leave plaintiff without ingress or egress to his lands, and praying mandatory injunction requiring defendants to reopen the road, *is held* not subject to demurrer on the ground that the cause of action was within the exclusive jurisdiction of the clerk of the Superior Court under the statutes relating to neighborhood public roads. G.S. 136-67 through G.S. 136-70.

**4. Highways § 3b—**

Where plaintiff alleges that the segment of road in question had been used for a highway for a period of twenty-eight years as a matter of right, and that upon abandonment of this segment of the road in its relocation by the State Highway and Public Works Commission, defendants closed both ends of the segment of road abandoned so that plaintiff was cut off from his farm with no way of ingress or egress, the complaint is sufficient to state a cause of action for mandatory injunction to compel defendants to reopen the segment of road notwithstanding the fact that plaintiff does not allege that he has a dwelling on his property.

**5. Injunctions § 6—**

Upon motion for the issuance of a temporary restraining order, both parties are entitled to a hearing on their respective affidavits.

**6. Appeal and Error § 40c—**

On appeal in injunction cases the findings of fact in the lower court are not conclusive, and the Supreme Court may review the evidence, but this will be done in the light of the presumption that the judgment and proceedings below were correct, with the burden on appellant to assign and show error.

**7. Injunctions § 1—**

Restraining orders may be prohibitory, to preserve the *status quo* until the rights of the parties can be determined, or mandatory, to require the party enjoined to do a positive act.

**8. Same: Injunctions § 6—**

A mandatory injunction will not be issued as a temporary or preliminary order except where the threatened injury is immediate, pressing, irreparable and clearly established or the party sought to be restrained has done a particular act in order to evade injunction which he knew had been or would be issued, a mandatory injunction being ordinarily in the nature of an execution to compel compliance with the final judgment upon the merits.

**9. Injunctions § 6: Highways § 3b—Evidence held not to show imminent injury justifying issuance of preliminary mandatory injunction.**

Where, in an action by plaintiff to compel defendants to reopen a segment of highway which they had closed at both ends on their lands after the segment of road had been abandoned by the State Highway and Public Works Commission, plaintiff contending that he was thus deprived of all ingress and egress to and from his property, it appears from the affidavits that no one had lived on plaintiff's land for a period of five years prior to the institution of the suit and that plaintiff had himself closed the road on his property for a year and had not removed the stakes on his property closing the road until a few days before institution of the action, *held*, the evidence fails to show such immediate, pressing, irreparable and clearly established right as to justify the issuance of a preliminary mandatory injunction to compel defendants to reopen the highway pending determination of the controversy upon its merits, defendants having controverted plaintiff's allegation that he was deprived of all ingress and egress

to and from his lands, and maintaining that the Commission and not defendants had removed culverts, etc.

APPEAL by defendants from *Phillips, J.,* holding courts of 15th Judicial district at Statesville, N. C., on 29 May, 1951.

Civil action (1) to recover damages for the alleged claim by defendant of a section of road abandoned by the State Highway Commission, and (2) for mandatory injunction (a) requiring defendants to re-open said section of the road and to put it in good condition, and (b) enjoining them from interfering with use of it by plaintiff and by the public.

Plaintiff alleges in his complaint that he is the owner of a tract of land in Trinity Township, Randolph County, North Carolina, containing approximately sixty-three acres, and having a frontage of approximately 2,500 feet on the Old Hopewell Public Road; that defendants own lands adjoining plaintiff's land and the Old Hopewell Road,—some of which fronts both sides of the road; that some distance north of land of defendants, the Roy Lambeths, said road begins to curve, and the curve continues in a southerly direction passing the lands of plaintiff and the lands of Joe Lambeth and Mrs. Joe Lambeth, and B. C. Lambeth and Mrs. B. C. Lambeth; that at the time plaintiff bought the lands above described, 23 March, 1936, the said Old Hopewell Road was being used and has been since used continuously and adversely by the neighbors living on the adjoining lands to defendants and plaintiff and by the general public as a main highway for past 28 years or more; that it was used as mail route; that it has been worked and kept up and improved by the public at public expense; that the public has used said road for said period of years without interference and as a matter of right and adversely to all persons whatsoever up and until recently, when the defendants attempted to close it; that on account of the unlawful acts of defendants in attempting to close said road, the plaintiff is cut off from his farm, the above described lands, with no way to get to and from his farm, or to the new road built by the State Highway Commission . . . in order to straighten and improve said Old Hopewell Road; that the said State Highway Commission has abandoned the section of the Old Hopewell Road on which plaintiff's lands abut; that the new section is in close proximity to the old road; that on account of the unlawful and wrongful acts of the defendants, plaintiff has been damaged in the sum of $2,000, and if that section of the Old Hopewell Road which has been unlawfully and wrongfully closed by defendants is allowed to stay closed plaintiff will be irreparably damaged; and that plaintiff is informed and believes that he is entitled to mandatory injunction requiring defendants to re-open and put in good condition said portion of said road, and permanently restraining them from interfering with the use of same by plaintiff and by the general public.

Wherefore plaintiff prays judgment (1) that he have and recover of defendants the sum of $2,000, (2) that an order be made by the court directing defendants to re-open and put in good condition that portion of said road they have attempted to close; and (3) for costs, and for other and further relief to which he may be entitled.

The cause was heard at Statesville, N. C., on an order requiring defendants to appear and show cause, if any they have, "why the injunction prayed for by plaintiff should not be granted until the final determination of the action." Both plaintiff and defendants offered affidavits—the verified complaint of plaintiff with attached map, being treated as such.

Plaintiff also stated, in his affidavit, that the State Highway Commission began in Fall of 1950 to rebuild the Old Hopewell Road from Trinity South, and, in order to straighten it, cut a new road across the lands of defendants, leaving his, the plaintiff's, land 298.40 feet from it; that he has no way to enter the new road since both ends of the segment of the old road on which his property abuts had been plowed up and closed by defendants; and that the Old Hopewell Road is the only way he has in going to and from his land.

On the other hand, the affidavits and photographs offered by defendants tend to show: That the Hopewell Road, a county road of Randolph County, constructed in 1921, was taken over on 1 July, 1931, for maintenance, and was maintained by State Highway Commission, which, upon its own initiative, relocated, straightened and re-constructed it; that as relocated it crossed defendants' land, and eliminated the segment constituting the curve which started on, and ran south through land of defendant Roy Lambeth to and along the east side of plaintiff's land to and through the lands of defendant Joe Lambeth, and of defendant B. C. Lambeth; that this segment of said road was abandoned by the State Highway Department, at which time it took up the culverts; that this segment of the road is no longer considered a county road under supervision of the State Highway Commission and in future will not be maintained by it, and, in so far as it is concerned, reverts to the abutting owners, as stated in affidavit of the Division Engineer of State Highway Commission under whose supervision the road was re-located; that plaintiff is the only property owner on the abandoned segment of the road affected by the change; that there is another passable road along the western side of plaintiff's property; that it parallels the road on the east; that the dwelling house that was on plaintiff's land, which he rented, burned in the year 1949,—since which no one has lived on the land; that the outbuildings on plaintiff's property are much nearer the road on the west than they are to the road on the east; that plaintiff's land has not been cultivated or farmed or used in any husbandry-like manner for a period of five years; that (as stated in affidavit of Curtis Reddick) the

only driveway entrance to plaintiff's property from the Hopewell Road before the relocation of it, was closed, at request of plaintiff, "one year ago," by stakes or posts driven into the ground across the driveway,— five of them, which remained there until a few days prior to the institution of this suit on 30 April, 1951, when plaintiff removed, or caused to be removed, the three center posts; that after the State Highway relocated the road, and abandoned portions of the road at end of defendant Roy Lambeth's property defendants resumed use of the property, and defendant Roy Lambeth erected a fence across the abandoned segment of the road at his line; that defendants never have committed any act themselves to render the Hopewell Road impassable; and that all things complained of by plaintiff were done by the State Highway Department, except the erection of the fence by defendant Roy Lambeth.

The court, at such hearing, entered an order in pertinent part as follows: "(And it appearing to the court from the allegations of the complaint that said public road described in the complaint has been adversely used by the plaintiff and his predecessors in title and the public generally for more than 50 years, and that by such adverse and continuous use by the plaintiff and the general public the plaintiff has acquired an easement in and over said public road or strip of land as described and shown on the map attached to the complaint). Exception by defendants to portion in parenthesis.

"It further appearing from the allegations of the complaint that unless the defendants are restrained from interfering with plaintiff's right to the free use of said public road, that the plaintiff will be irreparably damaged, for the reason that they have no ingress or egress to said farm.

"It further appearing to the court that the road in question (the Old Hopewell Road) enters the new road built by the State Highway Commission, both the north and south end of said Old Hopewell Road, and (the court is of the opinion that the plaintiff is only entitled to one end of the Old Hopewell Road and the new highway and he is given the election to choose which end he will take, and the plaintiff informs the court that he elects to take the north entrance to his property which passes in front of defendants' Roy and Mrs. Roy Lambeth's home).. Exception by defendants to portion in parenthesis.

"Now, therefore, upon motion of John G. Prevette, attorney for the plaintiff, it is ordered, adjudged and decreed that (the defendants above named be, and they are hereby ordered to re-open the north portion of the Old Hopewell Road as alleged in the complaint and put it back into as good condition as it was prior to being closed, as alleged by the plaintiff). Exception by defendants to portion in parenthesis.

"It is further ordered, adjudged and decreed that the defendants above named be, and they are hereby restrained from interfering with the

plaintiff's free use and occupancy of the northern part of said road in going to and from his farm pending the trial of this cause.

"(It is further ordered that the defendants are given 18 days within which to re-open and put said portion of the road above mentioned in as good condition as it was before, including any culverts removed from said road when it was closed)." Exception by defendants to portion in parenthesis.

"To the signing of the foregoing judgment, and for errors assigned and to be assigned, the defendants except and appeal to Supreme Court and assign error."

Upon motion of defendants the court stayed action on the mandatory injunction, pending final disposition of defendants' appeal to Supreme Court,—defendants to execute *supersedeas* bond in amount of $500 within five days. Bond given.

Defendants also demur *ore tenus* to plaintiff's complaint for that:

"1. This court has no jurisdiction of the subject of the action in that it is alleged in the plaintiff's complaint that the road in controversy has been abandoned by the State Highway Department and it is provided in General Statutes, Chapter 136, Article 4, that the clerk of the Superior Court shall have original and exclusive jurisdiction of an action to re-open an abandoned country road.

"2. That the complaint does not state facts sufficient to constitute a cause of action against the defendants in that the plaintiff does not allege that he has a dwelling on his property without means of egress and ingress thereto and cannot as a matter of law maintain said action."

*John G. Prevette for plaintiff, appellee.*

*Schoch & Schoch and Ferree, Gavin & Anderson for defendants, appellants.*

WINBORNE, J.   I. At the threshold of this appeal the demurrer *ore tenus* comes up for consideration and decision.

"The office of demurrer is to test the sufficiency of a pleading, admitting, for the purpose, the truth of the allegations of fact contained therein; and ordinarily relevant inferences of fact, necessarily deducible therefrom, are also admitted, but the principle does not extend to the admissions of conclusions or inferences of law," *Stacy, C. J., in Ballinger v. Thomas,* 195 N.C. 517, 142 S.E. 761.   See also *McCampbell v. B. & L. Assn.,* 231 N.C. 647, 58 S.E. 2d 617, and cases there cited.

Too, the statute G.S. 1-151 requires that in the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with a view to substantial justice between the parties. And the decisions of this Court, applying the provisions of this statute, hold that every reasonable intendment is to be made in favor of the

pleader. A pleading must be fatally defective before it will be rejected as insufficient. See *King v. Motley,* 233 N.C. 42, 62 S.E. 2d 540.

Applying these principles to the complaint in the case in hand, we are unable to say that in no view of the case the court is without jurisdiction of the cause, or that the complaint fails to state facts sufficient to constitute a cause of action.

The contention of defendants, appellants, that since it is alleged in the complaint that the segment of the road in controversy has been abandoned by the State Highway Department, the General Statutes, Chapter 136, Article 4, vests in Clerk of Superior Court original and exclusive jurisdiction of an action to re-open it, does not follow. The statute G.S. 136-67 defines what is a neighborhood public road, and as so defined declares that such roads shall be subject to all the provisions of G.S. 136-68, G.S. 136-69 and G.S. 136-70 with respect to the alteration, extension, or discontinuance thereof, and authorizes any interested party to institute such proceeding. However, it does not appear that the allegations of the complaint bring the abandoned segment of the road in controversy within the definition. The pertinent parts of the definition read as follows: "All those portions of the public road system of the State which have not been taken over and placed under maintenance, or which have been abandoned by the State Highway and Public Works Commission, but which remain open and in general use as a necessary means of ingress to and egress from the dwelling house of one or more families . . . and all other roads or streets or portions of roads or streets whatsoever outside the boundaries of any incorporated city or town in the State which serve a public use and as a means of ingress or egress for one or more families, regardless of whether the same have ever been a portion of any State or county road system, are hereby declared to be neighborhood roads . . . etc." And there is no allegation in the complaint that the abandoned portion of the road remains open and in general use "as a means of ingress to and egress from the dwelling house of one or more families," or serves "a public use and as a means of ingress or egress for one or more families."

And the contention that complaint does not state a cause of action against defendants in that it is not alleged that plaintiff has a dwelling on his property without means of egress and ingress thereto, is not tenable.

It is true that there is a provision in G.S. 136-67 which defines what portions and segments of old roads that do not come within the definition of "neighborhood public roads," as above recited, and which provides that "the owner of the land, burdened with such portions and segments of such old road, is hereby invested with the easement of right of way for such old roads heretofore existing." The first part of the proviso reads: "That this definition of neighborhood public roads shall not be construed

to embrace any street, road or driveway that serves an essentially private use, and all those portions and segments of old roads, formerly a part of the public road system, which have not been taken over and placed under maintenance and which have been abandoned by the State Highway and Public Works Commission and which do not serve as a necessary means of ingress to and egress from an occupied dwelling house are hereby expressly excluded from the definition of neighborhood public roads, and the owner . . .," etc. (as above stated).

Thus it appears that the allegations of the complaint fail to bring the abandoned segment of road in controversy within the definition of roads excluded from the definition of "neighborhood public roads" as set forth in the proviso.

But regardless of whether or not the segment of road in controversy comes within the proviso, the allegation of the complaint is that the public used the highway for a period of 28 years, or more, without interference and as a matter of right and adversely to all persons until recently, when defendants attempted to close it, and that by defendants so doing, he, plaintiff, is cut off from his farm, as aforesaid, "with no way to get to and from" it, or "to the new road built by the State Highway Commission." These allegations, admitted for the purpose of considering the demurrer, are sufficient to withstand the demurrer. Whether or not plaintiff is able to make good his allegations is not now of concern. He is entitled to an opportunity to do so. *Muse v. Morrison, ante,* 195. And when the facts are established, questions of law arising thereon, and bearing upon the relative rights of the parties in respect of the segment of the road in controversy, may then be determined.

II. Defendants challenge next the orders of injunction entered on the hearing on notice to show cause, etc., G.S. 1-492, and we hold properly so, on the ground, among others, that the judge not only failed to find any facts on which to base the orders, but founded the orders solely upon the allegations of the complaint.

When a motion for an injunction is made returnable before the proper judge for a hearing, the parties may appear before him at the time and place designated, and the motion is heard upon affidavits. Both parties, plaintiff and defendant, are entitled to a hearing on their respective affidavits. McIntosh's N. C. P. & P., Sec. 873, p. 991. But in the present case the language appearing in the orders would seem to show that the affidavits and photographic exhibits offered by defendants were not taken into consideration.

However on appeal in injunction cases the findings of fact, if made, by the judge of the Superior Court are not conclusive and the Supreme Court may "look into and review the evidence." Still there is a presumption always that the judgment and proceedings below are correct and the burden is upon the appellant to assign and show error. *Hyatt v. DeHart,*

140 N.C. 270, 52 S.E. 781; *Plott v. Commrs.*, 187 N.C. 125, 121 S.E. 190; *Sineath v. Katzis*, 219 N.C. 434, 14 S.E. 2d 418.

Looking into and reviewing the affidavits and exhibits offered by defendants, in the present case, the purport of which is summarized in the statement of the case hereinabove set forth, there is evidence of facts which bear materially upon the questions as to whether a prohibitory injunction, and a mandatory injunction, or either, should issue, and, if the latter, in what respect.

McIntosh, in his work on North Carolina Pleading and Practice in Civil Cases, treating of these forms of injunction summarizes the law as it prevails in this State as follows: "A prohibitory injunction is one that restrains a party from doing a particular act and preserves the *status quo* until the rights can be determined. This has always been the most usual form and the term 'injunction' carries with it the general idea of prevention . . .

"A mandatory injunction requires the party enjoined to do a positive act, and since this may require him to destroy or remove certain property, which upon a final hearing he may be found to have the right to retain, it is not so frequently used as a temporary or preliminary order. As a rule such an order will not be made as a preliminary injunction, except where the injury is immediate, pressing, irreparable and clearly established, or the party has done a particular act in order to evade an injunction which he knew had been or would be issued. As a final decree in the case it would be issued as a writ to compel compliance in the nature of an execution . . . The mandatory injunction is distinguished from a mandamus, in that the former is an equitable remedy operating upon a private person, while the latter is a legal writ to compel the performance of an official duty." McIntosh's N. C. P. & P. in Civil Cases, Sec. 851, p. 972. See also *Telephone Co. v. Telephone Co.*, 159 N.C. 9, 74 S.E. 636; *Woolen Mills v. Land Co.*, 183 N.C. 511, 112 S.E. 24; *Arey v. Lemons,* 232 N.C. 531, 61 S.E. 2d 596.

If it be that the land of plaintiff in the case in hand has not been cultivated or farmed or used in husbandry-like manner for a period of five years, and the dwelling house on it burned in 1949, and no one has since lived on the land, and the only driveway entrance to the land from the Hopewell Road was closed by plaintiff a year prior to May, 1951, the date on which the affidavits were executed, and remained closed until a few days before this suit was instituted, as shown by the affidavits of defendants, and not specifically denied by plaintiff, it would not seem that the injury to plaintiff, of which he complains against defendant, is so "immediate, pressing, irreparable, and clearly established" as to justify the extraordinary equitable remedy of preliminary mandatory injunction.

Moreover, it appears from defendants' affidavits that the culverts, which the court ordered defendants to replace, were taken up by the State Highway and Public Works Commission.

Furthermore, it appears from defendants' affidavits that they take issue with plaintiff as to his contention that he is without a way of ingress to and egress from his land.

In the light of the above, this Court holds that the order for mandatory injunction, from which appeal is taken, was improvidently entered, and is, therefore, set aside, and the cause remanded for further proceedings in accordance with law.

Error.