MRS. COLLIE D. BELCH, A. T. BELCH, JR., AND PERRY HUGHES, TRUSTEES; AND MRS. COLLIE D. BELCH, A. T. BELCH, JR., ELIZABETH B. HUGHES, ARLINE B. MORRIS, CAROL BELCH, DOROTHY BELCH, DONALD BELCH, AND LEWIS E. BELCH, INDIVIDUALLY, v. L. D. PERRY AND J. A. PRITCHETT, TRUSTEE.

(Filed 20 October, 1954.)

1. **Pleadings § 15—**

   The office of demurrer is to test the sufficiency of a pleading, admitting, for the purpose, the truth of the allegations of fact contained therein, and ordinarily relevant inferences of fact necessarily deducible therefrom.

2. **Pleadings § 3a—**

   A complaint must contain a plain and concise statement of the facts constituting the cause of action. G.S. 1-122.

3. **Pleadings § 2—**

   Plaintiff may unite in the complaint causes of action, legal or equitable, or both, which arise out of the same transaction, or transactions connected with the same subject of action. G.S. 1-123.

4. **Pleadings § 15—**

   Upon demurrer, a pleading must be construed with a view to substantial justice between the parties, giving the pleader every reasonable intendment and presumption therefrom, and a pleading must be fatally defective before it may be rejected as insufficient. G.S. 1-151.

5. **Fraud § 9—Allegations held insufficient to state cause of action for fraud in sale of interest in partnership.**

   Allegations to the effect that defendant had been in active and exclusive control of the books and records of a certain partnership, and that the other partner during his lifetime, and plaintiff trustees after his death, relied upon defendant's statements as the basis of settlements, and that plaintiffs thereafter purchased defendant's interest in the partnership, with further averment that an accounting would disclose that defendant owed plaintiffs a large sum of money, *is held* insufficient to state a cause of action against defendant for fraud in the sale of his interest in the partnership, it not being alleged that plaintiffs were induced to purchase the assets in reliance on any representation made to them by defendant.

6. **Partnership § 7—**

   An action against one partner upon allegations that the partnership was indebted to plaintiffs in a large amount in connection with sale by plain-

tiffs of their interest in the partnership, cannot be maintained when the other partner is not made a party.

**7. Pleadings § 19b—**

> A cause of action against defendant for breach of an alleged agreement by him that he would not engage in business in competition with plaintiffs after he had sold his interest in a partnership to plaintiffs, is improperly joined with a cause of action by plaintiffs for defendant's fraud in inducing them to purchase his interest in the partnership, and a cause of action by plaintiff trustees for an accounting of the partnership business, and to recover from another partnership funds alleged to be due by reason of plaintiffs' sale of the assets of such other partnership.

APPEAL by plaintiffs from *Bone, J.,* at May Term, 1954, of BERTIE.

Civil action for an accounting between parties hereto, for restraining L. D. Perry from foreclosure of certain deed of trust, and from negotiation by him of evidences of indebtedness, for recovery by plaintiffs of damages for breach of contract by L. D. Perry, for recovery by them of L. D. Perry of such amounts as may be due them upon an accounting, etc., heard upon demurrer by defendants to complaint of plaintiffs.

Plaintiffs in their complaint make these allegations:

"FIRST: That . . . the plaintiff Trustees are such under the last will and testament of the late A. T. Belch, who died in 1945 . . .

"SECOND: That for many years prior to his death, the said A. T. Belch and the defendant L. D. Perry were partners trading under the name of Perry-Belch Fish Company, with their principal place of business at Colerain, in said county, each owning an equal interest in said business. That for many years prior to his death the said A. T. Belch was likewise a partner with the said L. D. Perry and one Leo Wynn in a similar business, operating under the name of Chowan Packing Company, its principal place of business likewise being at Colerain, said Belch and Perry having each owned a one-fourth interest, and the said Leo Wynn the other one-half in said business.

"THIRD: That during the entire time that said A. T. Belch was a partner in said Perry-Belch Fish Company the defendant L. D. Perry was in the active and exclusive charge of the books and records of said partnership, and, as plaintiffs are informed, believe and allege, all purported settlements as between the partners were made on the basis of statements rendered either orally or in writing by the said Perry to the said Belch, the said Belch having had great confidence in and reliance upon the said L. D. Perry. That since the death of the said Belch, and until on or about February 27, 1953, the said Belch interest in said partnership were represented by the plaintiff trustees, and during said period of time the situation as between them and the said Perry was the same as it had

obtained between the said Perry and A. T. Belch, and, as heretofore set out in this section of the complaint, said Trustees, because of their lack of knowledge of the affairs of said business, having had to rely upon the defendant Perry, even to a greater extent than had the said A. T. Belch. That the said A. T. Belch for a substantial time prior to his death had been an invalid, confined to his home, and unable to attend actively to any of the partnership business.

"FOURTH: That on or about the 27th day of February, 1953, the plaintiff trustees purchased the interest of the said L. D. Perry in said Perry-Belch Fish Company, other than accounts receivable, for the agreed price of $30,000.00, having paid $10,000.00 in cash, and having executed a note or notes to the said Perry in the amount of $20,000.00, payable in two annual installments of $10,000.00 each, the first of which was due and payable on January 1, 1954. That said note or notes were secured by a deed of trust on all of the properties of the said Perry-Belch Fish Company, other than accounts receivable, the defendant J. A. Pritchett being the trustee in said instrument.

"FIFTH: That since said sale and purchase, the books of said partnership business have for the first time come into the possession of the plaintiffs; and the plaintiffs are informed, believe and allege that upon a true accounting of the dealings between said L. D. Perry, on the one hand, and the said A. T. Belch and the plaintiffs, on the other hand, the said L. D. Perry is indebted to the plaintiffs in some large amount, and in an amount sufficient to pay and discharge the aforesaid indebtedness secured by said deed of trust. That the exact amount owing by the said L. D. Perry to the plaintiffs cannot be determined except upon a verified audit of said partnership business from its inception, and such an audit is respectfully requested and demanded by the plaintiffs as a part of their asserted cause of action.

"SIXTH: That the aforesaid accounts receivable are in the approximate amount of $20,000.00; that, as plaintiffs are informed, believe and allege, a complete accounting between plaintiffs and the said L. D. Perry of necessity includes said accounts, and that the plaintiffs are entitled to have the same collected by a collector or a receiver to be appointed by the court, and the proceeds impounded pending a final determination of said accounting.

"SEVENTH: That about one year ago the said A. T. Belch Estate bargained with the said Leo Wynn to sell to him for $2,500.00 its one-fourth interest in said Chowan Packing Company, exclusive of accounts receivable. That prior to the sale by L. D. Perry of his aforesaid interest in the Perry-Belch Fish Company, he had represented to the plaintiffs that he would not thereafter engage in the fish business in competition with plaintiffs. That the representatives of the said A. T. Belch Estate were

advised that the said L. D. Perry was advancing for Leo Wynn the aforesaid purchase price of $2,500.00, and that because thereof the instrument of sale of said estate in the Chowan Packing Company was to be made and was made in the name of L. D. Perry, rather than Leo Wynn. That upon the consummation of the said sale, and in breach of his said representations to the plaintiff, the defendant L. D. Perry immediately became active in the fish business of Chowan Packing Company. That in addition thereto he has wrongfully and unlawfully and in breach of his representations to the plaintiff, organized a new fish business under the name of Perry-Wynn Fish Company, and has erected a large plant now being operated by said last named Company, all in competition with these plaintiffs and their said business, and all to their great injury and damage in the sum of $10,000.00, or some other large sum.

"EIGHTH: That as a part of the accounting to which plaintiffs are entitled, and between them and defendant L. D. Perry, they are entitled to a further credit by virtue of the fact that the said Chowan Packing Company owes to the plaintiffs, t/a Perry-Belch Fish Company, the sum of $4,000.00, or some other large sum.

"NINTH: That the defendant L. D. Perry has wrongfully and unlawfully called upon the defendant Trustee to advertise and sell the properties described and conveyed in the aforesaid deed of trust from plaintiff Trustees, dated February 27, 1953, and recorded in the Public Registry of Bertie County, N. C., in Book 432, page 2, which said instrument for a description of said property is by reference made a part hereof. That said Trustee has advertised said property for sale for 12 o'clock Noon on April 17, 1954; and if said sale is not restrained by this Honorable Court, then the plaintiffs will suffer irreparable injury. That as aforesaid, the plaintiffs are entitled to a full accounting from the defendant L. D. Perry because of the various and sundry matters hereinbefore set out, and upon said accounting it is alleged that the plaintiffs will in truth and in fact owe the defendant L. D. Perry nothing, either on the alleged indebtedness secured by the aforesaid deed of trust, or otherwise. That plaintiffs will suffer further irreparable injury unless the defendant L. D. Perry is restrained from the negotiation or assignment, or attempted negotiation or assignment, of the said note or notes evidencing the purported $20,000.00 indebtedness, and the aforesaid accounts receivable of the Perry-Belch Fish Co.

"TENTH: That the plaintiffs stand ready, able and willing to pay such amount, if any, as may be finally determined as owing by them on the indebtedness secured by the deed of trust hereinbefore referred to.

"ELEVENTH: That summons has issued in this cause against the defendants."

Defendants demur to the complaint and pray that the action be dismissed for that:

"1. There is a misjoinder of causes of action, and of parties.

"2. The complaint does not state facts sufficient to constitute a cause of action, (a) with respect to any credits from the Chowan Packing Company, (b) as to the payment of said deed of trust or any part thereof, or (c) to allege that legal payment has been made of an admittedly valid existing indebtedness secured by the deed of trust; and that plaintiffs have not set out sufficient facts to entitle them to the equitable relief prayed for."

The cause coming on to be heard upon defendants' written demurrer to the complaint, and upon the motion to continue the restraining order in effect until the hearing, and the matters being heard in open court, and the court being of the opinion and so holding that defendants' demurrer should be sustained for failure of the complaint to state a cause of action; and plaintiffs' counsel having stated they do not desire to amend: Thereupon the court ordered that the demurrer be sustained, and that the action be dismissed, and that plaintiffs pay the costs to be taxed by the Clerk.

Plaintiffs except thereto, and appeal to Supreme Court and assign error.

*Marvin Wilson and John H. Hall for plaintiffs, appellants.*
*Pritchett & Cooke for defendants, appellees.*

WINBORNE, J. Did the trial court err in sustaining the demurrer to the complaint for failure to state a cause of action? This is the sole question presented on this appeal.

In this connection, "The office of demurrer is to test the sufficiency of a pleading, admitting, for the purpose, the truth of the allegations of fact contained therein, and ordinarily relevant inferences of fact, necessarily deducible therefrom, are also admitted," *Stacy, C. J.,* in *Ballinger v. Thomas,* 195 N.C. 517, 142 S.E. 761; *Clinard v. Lambeth,* 234 N.C. 410, 67 S.E. 2d 452, and numerous other cases.

A complaint must contain a plain and concise statement of the facts constituting a cause of action, G.S. 1-122. And "plaintiff may unite in the complaint several causes of action, of legal or equitable nature, or both, where they all arise out of the same transaction, or transactions connected with the same subject of action . . .," G.S. 1-123.

Both the statute G.S. 1-151 and decisions of this Court require that in the construction of a pleading for the purpose of determining its effect its allegations shall be construed with a view to substantial justice between the parties. Every reasonable intendment and presumption must

be in favor of the pleader. Indeed, a pleading must be fatally defective before it will be rejected as insufficient. *Ins. Co. v. McCraw,* 215 N.C. 105, 1 S.E. 2d 369; *Cotton Mills v. Mfg. Co.,* 218 N.C. 560, 11 S.E. 2d 550; *Dickensheets v. Taylor,* 223 N.C. 570, 27 S.E. 2d 618; *King v. Motley,* 233 N.C. 42, 62 S.E. 2d 540; *Clinard v. Lambeth, supra.* See also *Childress v. Abeles, ante,* 667.

Applying these principles and statutory provisions in testing the sufficiency of the allegations of the complaint to withstand the challenge of the demurrer filed in case in hand, it is apparent from a reading of the complaint that plaintiffs have undertaken to state three or more causes of action, no one of which is explicit in statement of facts on which it is based.

The first attempt is to state a cause of action against L. D. Perry in connection with plaintiffs' purchase of his interest in the partnership trading under the name of Perry-Belch Fishing Company, exclusive of its accounts receivable. And while it is alleged that for many years L. D. Perry had been in active and exclusive control of the books and records of the said partnership, and that A. T. Belch in his lifetime and plaintiffs after his death had relied upon reports made by L. D. Perry; and that plaintiffs now believe that upon an accounting L. D. Perry will be indebted to them in some large amount, it is not alleged that plaintiffs were induced to buy in reliance upon any misrepresentation made to them by Belch or that they were misled in any manner in making the purchase, that is, plaintiffs fail to allege wherein L. D. Perry is indebted to them in such large amount. But if relief is sought in respect to accounts receivable, it may be that the allegations, liberally interpreted in favor of the pleader, are sufficient bases for such relief, if they were separated from the other allegations of the complaint.

The second attempt to state a cause of action is against the partnership of the Chowan Packing Company in connection with sale by plaintiffs of their interest therein, exclusive of accounts receivable, to one Leo Wynn, payment for which was made by L. D. Perry to whom the "instrument of sale" was made, and that upon an accounting the Chowan Packing Company owes plaintiffs the sum of $4,000, or some other large sum. In connection with these allegations, it is noted that Chowan Packing Company is not a party to this action, but if it were, there would be a misjoinder of both parties and causes of action,—requiring that demurrer therefor be sustained and the action dismissed. *Smith v. Land Bank,* 213 N.C. 343, 196 S.E. 481; *Sellers v. Ins. Corp.,* 233 N.C. 590, 65 S.E. 2d 21.

The third attempt to state a cause of action is against L. D. Perry for damages for breach of an alleged agreement by him that he would not engage in the fish business in competition with plaintiffs. This would constitute a separate cause as basis for a separate action.

In the light of the state of the allegations of the complaint, this Court is constrained to sustain the ruling of the trial court, and to affirm the judgment from which appeal is taken.

Affirmed.