GWENDELLYN BRINN GIBBS v. SHELDON ALVIN GAIMEL.

(Filed 19 September 1962.)

**1. Automobiles §§ 21, 41r—**

Evidence permitting the inference that the accelerator of defendant's car was defective so that it occasionally permitted gasoline to continue to flow to the engine after the release of pressure from the accelerator pedal, that defendant, with knowledge of the condition, loaned the vehicle to plaintiff without disclosing the defect, with further evidence that plaintiff was injured in an accident resulting from the sticking of the accelerator, *is held* sufficient to be submitted to the jury on the issue of defendant's negligence.

**2. Negligence § 24c—**

Negligence may be proved by circumstantial evidence from which the conclusion of negligence may be inferred.

**3. Automobiles § 19; Negligence § 14—**

Where the driver of a car is confronted with a sudden emergency arising from the jamming of the accelerator pedal, such driver cannot be held guilty of contributory negligence as a matter of law in failing to pursue the wisest choice of conduct, the driver not having contributed to the creation of the emergency.

APPEAL by defendant from *Copeland, S.J.,* January, 1962 Term, CURRITUCK Superior Court.

In this civil action the plaintiff alleged, and at the trial offered evidence tending to show, that on September 30, 1960, she requested and was given permission to drive defendant's automobile on a short errand in connection with her father's business. Unknown to the plaintiff, the automobile had a defective accelerator which occasionally jammed, causing the engine to race after pressure on the foot pedal was released. The defendant, knowing of the defect, failed to notify or warn the plaintiff. While she was in the act of returning to her father's place of business, the accelerator stuck. She lost control, crashed into a house, sustaining painful and permanent injuries. Although plaintiff and other members of her family had on several occasions driven the vehicle, the plaintiff did not know of the defective accelerator.

The defendant, by answer, denied "any tendency on the part of the accelerator . . . to become jammed or stuck to any appreciable extent, or to operate in any manner . . . likely to endanger any competent driver." The defendant averred the plaintiff's injuries were caused entirely by her own carelessness and negligent operation of the vehicle.

The plaintiff introduced in evidence, as the admission of the defendant, the following:

"Sheldon Alvin Gaimel, being duly sworn, says: That on the 30th day of September, 1960, I loaned my automobile to Mrs. Gwendellyn Gibbs to go to a store so she would make some purchases and learned a short time thereafter that Mrs. Gwendellyn Gibbs was in an accident as a result of and the proximate cause being that the accelerator on my car stuck or jammed causing said car to get out of control. I truthfully say that the accelerator, prior to this occasion, had jammed with me at several times and that I had thought of carrying the car to a mechanic to repair same but this had been put off. I failed to advise or explain the condition of the accelerator to Mrs. Gwendellyn Gibbs at the time I loaned my car to her.

"Witness my hand and seal this 6th day of October, 1960.

"/s/ Sheldon Alvin Gaimel."

The defendant testified that a driver could restore the accelerator to its normal function by "patting" the accelerator pedal with the foot.

The jury answered issues of negligence, contributory negligence, and damages in favor of the plaintiff. From the judgment on the verdict, the defendant appealed.

*Robt. B. Lowry, John H. Hall* for plaintiff appellee.
*LeRoy, Wells & Shaw,* by *Dewey W. Wells* for defendant appellant.

HIGGINS, J. The evidence permits these inferences: The defendant's vehicle was defective. He knew of the defect, but permitted the plaintiff to use it without disclosing the defect, of which she had no knowledge. The defective condition of the accelerator occasionally permitted the gasoline to continue to flow into the engine after the release of pressure on the accelerator pedal. The defendant had found out the danger of a racing engine could be overcome by "patting" the pedal. But he neither informed the plaintiff of the defect nor explained the manner by which the danger could be avoided. Thus, when the accelerator jammed, the plaintiff was unprepared for what confronted her. The result was a damaged house, a demolished automobile, and a permanently injured driver.

The evidence was sufficient to support a finding the owner had breached his duty to give the plaintiff notice of the defective condition of the automobile he was permitting her to use. "He who puts a thing in charge of another which he knows, or in the exercise of prudence he should have known, to be dangerous, or to possess characteristics which, in the ordinary course of events, are likely to produce injury, owes a duty to such person to give reasonable warning or notice of such danger." *Austin v. Austin,* 252 N.C. 283, 113 S.E. 2d 553; *Honeycutt v. Bryan,* 240 N.C. 238, 81 S.E. 2d 653; *Sears v. Interurban Transp. Co.,* 125 So. 748, 752 (La.); *Cronin v. Swett,* 157 Neb. 662, 61 N.W. 2d 219.

In order to make out a case, "Direct evidence of negligence is not required, but the same may be inferred from acts and . . . circumstances . . ." *Frazier v. Gas Co.,* 247 N.C. 256, 100 S.E. 2d 501; *Shepard v. Mfg. Co.,* 251 N.C. 751, 112 S.E. 2d 380; *Young v. Koger,* 94 Ga. App. 524, 95 S.E. 2d 385.

The evidence was insufficient to show the plaintiff's contributory negligence as a matter of law. *Bell v. Maxwell,* 246 N.C. 257, 98 S.E. 2d 33. The jammed accelerator confronted her with a sudden emergency which she did not create. Hence she cannot be held for failure to pursue the wisest choice of conduct. *Bundy v. Belue,* 253 N.C. 31, 116 S.E. 2d 200; *Hennig v. Booth and Naugle v. Booth,* 4 N.J. Misc. 150, 132 A. 294.

We have carefully examined and found without merit all assignments of error which comply with Rule 19(3). *Pratt v. Bishop,* 257 N.C. 486; *Nichols v. McFarland,* 249 N.C. 125, 105 S.E. 2d 294; Rules

of Practice in the Supreme Court 19(3), 254 N.C. 797. The cause presented issues of fact for the jury. *McFalls v. Smith,* 249 N.C. 123, 105 S.E. 2d 297. The record discloses

No error.